**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THOMAS SHIRLEY,

    Plaintiff,

    v.

ROMEO ARANAS, et al.,

    Defendants.

3:15-cv-00451-RCJ-VPC

**ORDER**

On February 12, 2016, the Court issued a screening order permitting Plaintiff's Eighth Amendment claim of deliberate indifference to his serious medical need to proceed against defendant utilization review panel members, dismissing Plaintiff's Eighth Amendment claims of deliberate indifference to his serious medical need against defendants Dr. Romeo Aranas, and Dr. Marr.  (ECF No. 3 at 8:16-24).  The Court granted Plaintiff 30 days from the date of that order to file an amended complaint curing the deficiencies of his claims against Dr. Romeo Aranas and Dr. Marr.  (*Id.* at 8:25-27).  The Court specifically stated that if Plaintiff chose not to file an amended complaint, the action would proceed on his Eighth Amendment claim of deliberate indifference to his serious medical need against defendant utilization review panel members.  (*Id.* at 9:5-8).  Plaintiff has not filed an amended complaint.

The use of Doe defendants is not favored in the Ninth Circuit.  *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  Where the identity of the alleged defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify them.  *Id.*  Failure to afford the plaintiff such an opportunity is error.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999).  Accordingly, Plaintiff shall be allowed to conduct limited pre-service discovery in an effort to ascertain the true identity of

the defendants. To that end, the Attorney General will be directed to enter a limited appearance in this action for the purpose of responding to the discovery discussed herein. Plaintiff will be permitted to serve three interrogatories on the Attorney General in order to discover the identities of the John/Jane Doe utilization review panel members. If plaintiff learns the identities of the utilization review panel members who allegedly violated his rights, he shall file an amended complaint to add them as named defendants. If plaintiff is unable to learn the identity of at least one Doe defendant, this action shall be dismissed without prejudice.

If Plaintiff chooses to file an amended complaint he is advised that an amended complaint supersedes the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff must file the amended complaint on this Court's approved prisoner civil rights form and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint identifying at least one Doe defendant, as outlined in this order, Plaintiff shall file the amended complaint within 60 days from the date of entry of this order. If plaintiff is unable to learn the identity of at least one Doe defendant, this action shall be dismissed without prejudice.

1. **CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's Eighth Amendment deliberate indifference to serious medical needs claim shall proceed if Plaintiff can learn the identify of one of the Doe utilization review panel members.

IT IS FURTHER ORDERED that the Clerk of the Court shall electronically **SERVE** a

copy of this order, a copy of the original screening order (ECF No. 3) and a copy of Plaintiff's complaint (ECF No. 4) on the Office of the Attorney General of the State of Nevada, attention Kat Howe.

IT IS FURTHER ORDERED that the Attorney General's Office shall enter a limited notice of appearance within 10 days on behalf of Defendants for the limited purpose of conducting limited pre-service discovery in an effort to ascertain the true identities of the Doe defendants.

IT IS FURTHER ORDERED that Plaintiff will be permitted to serve three interrogatories on the Attorney General's Office in order to discover the identities of the John/Jane Doe utilization review panel members.

IT IS FURTHER ORDERED that if Plaintiff is able to discover the identities of the John/Jane Doe utilization review panel members, he shall file an amended complaint naming at least one Doe defendant within 60 days from the date of entry of this order.

IT IS FURTHER ORDERED that the Clerk of the Court shall send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 4). If Plaintiff chooses to file an amended complaint, he must use the approved form and he shall write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

IT IS FURTHER ORDERED that if Plaintiff fails to timely file an amended complaint naming at least one Doe defendant, as outlined in this order, this action shall be dismissed without prejudice.

DATED: March 30, 2016.

_____
United States District Judge

3